**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-51119**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**LEROY SALAZAR GARZA,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(A-01-CR-130-ALL-SS)**

_____

July 26, 2002

Before HIGGINBOTHAM, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Pursuant to his conditional guilty plea to possession of a firearm by a convicted felon and possession of a stolen firearm, Leroy Salazar Garza appeals the denial of his motion to suppress a firearm discovered during a pat down search (following a traffic stop) and made the basis of his conviction. Garza admits the Officer who stopped him had reason to suspect he was the owner of the truck he was driving and had outstanding arrest warrants. He

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends, however, that the totality of the circumstances fall short of supporting a reasonable suspicion that he was armed.

Conclusions of law concerning a motion to suppress are reviewed *de novo*; findings of fact, for clear error. **United States v. Jordan**, 232 F.3d 447, 448 (5th Cir. 2000). Garza does not challenge any findings of fact.

Given, *inter alia*, the degree of nervousness Garza exhibited, his other suspicious behavior, the fact that the stop was made in front of a daycare center, and the fact that Garza never took his hands out of his pockets, the Officer's pat down did not violate the Fourth Amendment. **Terry v. Ohio**, 392 U.S. 1, 22-24, 27 (1968); **United States v. Webster**, 162 F.3d 308, 332 (5th Cir. 1998), *cert. denied*, 528 U.S. 829 (1999); **United States v. Michelletti**, 13 F.3d 838, 840-41 (5th Cir.)(en banc), *cert. denied*, 513 U.S. 829 (1994).

*AFFIRMED*